# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

MICHAEL MONROE,

        Petitioner,                        Case Number: 06-CV-13613

v.                                                 HONORABLE GERALD E. ROSEN

MARY BERGHUIS,

        Respondent.

_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Michael Monroe has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner, who is currently incarcerated at the West Shoreline Correctional Facility in Muskegon Heights, Michigan, challenges his convictions for first-degree home invasion, aggravated stalking, and assault and battery. For the reasons set forth below, the Court denies the petition.

### I. Background

Following a jury trial in Oakland County Circuit Court, Petitioner was convicted of the above-listed offenses. On November 5, 2003, he was sentenced as a third habitual offender to 9-20 years imprisonment for the home invasion conviction, 2-20 years for the aggravated stalking conviction, and 93 days imprisonment for the assault and battery conviction, all to be served concurrently.

Petitioner filed an appeal of right in the Michigan Court of Appeals, raising the following claims:

    I.       Mr. Monroe was denied his Sixth Amendment Constitutional right to a trial by

> jury and Fifth Amendment due process right to be found guilty beyond a reasonable doubt where he was sentenced to a minimum of 9 years, based on aggravating factors unilaterally determined by the sentencing judge absent findings of the same factors by a jury or concessions made by the defendant.
>
> II. Contrary to the requirements of MCR 6.425(B), Mr. Monroe was not given the opportunity to review his presentence report prior to sentencing, and saw it for the first time only after he was in prison. This breech which denied him the opportunity to challenge the erroneous or unproven information and scores violated his Fifth Amendment Constitutional Right to be sentenced based upon accurate information and argument in his absence on remand failed to cure the defect even though his counsel was allowed to raise objections to the various OV scores.

The Michigan Court of Appeals remanded the matter to the trial court so that Petitioner could file a motion for resentencing. *People v. Monroe*, No. 253620 (Mich. Ct. App. Aug. 23, 2004). The trial court denied Petitioner's motion for resentencing. *People v. Moore*, No. 03-189705 (Oakland County Cir. Ct. Oct. 18, 2004). Petitioner then filed an appeal in the Michigan Court of Appeals, raising the same claims raised before the remand. The Michigan Court of Appeals affirmed his convictions and sentences. *People v. Monroe*, No. 253620 (Mich. Ct. App. Aug. 11, 2005).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court, raising the same claims raised in the Michigan Court of Appeals, and an additional claim that he was denied his right of allocution on remand. The Michigan Supreme Court denied leave to appeal. *People v. Monroe*, No. 129588 (Mich. Dec. 27, 2005).

Petitioner then filed the pending petition for a writ of habeas corpus, raising the same two claims raised before the Michigan Court of Appeals. Respondent has filed an Answer in Opposition to Petition for Writ of Habeas Corpus.

## II. Standard of Review

Section 2254(d) of Title 28 U.S.C., imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). Additionally, this Court must presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. Williams v. Taylor, 529 U.S. 362, 405-06 (2000). An "unreasonable application occurs" when "a state-court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." Id. at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 410-11.

## III. Discussion

### A. Alleged *Blakely* Violation

Petitioner claims that he is entitled to habeas corpus relief because the trial court increased his sentence in reliance upon facts not determined by the jury or admitted by Petitioner in violation of the Sixth Amendment and Fourteenth Amendment. *See Blakely v. Washington*, 543 U.S. 296, 303-05 (2004) (state trial court's action in sentencing defendant beyond the statutory maximum of the standard range for his offense based upon judicial finding of deliberate cruelty violated Sixth Amendment right to trial by jury).

In *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 490. Michigan has an indeterminate sentencing system for most crimes, including those for which Petitioner was sentenced. The maximum term of imprisonment is set by law. Mich. Comp. Laws § 769.8(1); *see also People v. Drohan*, 475 Mich. 140, 160-61 (2006). In *Blakely*, 542 U.S. 296 (2004), the Supreme Court addressed indeterminate sentencing systems and held that such systems do not violate the Sixth Amendment. The Court explained:

> [The Sixth Amendment] limits judicial power only to the extent that the claimed judicial power infringes on the province of the jury. Indeterminate sentencing does not do so. It increases judicial discretion, to be sure, but not at the expense of the jury's traditional function of finding the facts essential to lawful imposition of the penalty. Of course indeterminate schemes involve judicial factfinding, in that a judge (like a parole board) may implicitly rule on those facts he deems important to the exercise of his sentencing discretion. But the facts do not pertain to whether the defendant has a legal right to a lesser sentence-and that makes all the difference insofar as judicial impingement upon the traditional role of the jury is concerned. In a system that says the judge may punish burglary with 10 to 40 years, every burglar knows he is risking 40 years in jail. In a system that punishes burglary with a 10-year sentence, with another 30 added for use of a gun, the

4

burglar who enters a home unarmed is entitled to no more than a 10-year sentence-and by reason of the Sixth Amendment the facts bearing upon that entitlement must be found by a jury.

*Id.* at 308-09.

Judicial factfinding may not be used to impose a sentence "beyond the prescribed statutory maximum." *Apprendi*, 530 U.S. at 490. In this case, the sentencing court did not exceed the statutory maximum for Petitioner's crimes, as enhanced by being a third habitual offender. *See* Mich. Comp. Laws § 257.625(4). Therefore, the sentencing scheme did not run afoul of the Sixth Amendment. Because *Blakely* does not apply to indeterminate sentencing schemes like the one utilized in Michigan, the trial court's sentence did not violate Petitioner's constitutional rights. *See Tironi v. Birkett*, No. 06-1557, 2007 WL 3226198, * 1 (6th Cir. Oct. 26, 2007). ("*Blakely* does not apply to Michigan's indeterminate sentencing scheme."). *Minner v. Vasbinder*, 2007 WL 1469419, * 4 (E.D. Mich. May 21, 2007); *Chatman v. Lafler*, 2007 WL 1308677, *2 (E.D. Mich. May 3, 2007); *Jones v. Bergh*, 2006 WL 1007602, *1-2 (E.D. Mich. April 17, 2006); *George v. Burt*, 2006 WL 156396, *5 (E.D. Mich. Jan. 20, 2006); *Walton v. McKee*, 2005 WL 1343060, *3 (E.D. Mich. June 1, 2005). Habeas relief, therefore, is denied for this claim.

### B. Presentence Information Report

Petitioner next claims that he was not given the opportunity to review his presentence report prior to sentencing in violation of Michigan Court Rule 6.425(B), and that he was not provided an opportunity for allocution prior to sentencing.

It is well-established that "'federal habeas corpus review does not lie for errors of state law.'" *Estelle v. McGuire*, 502 U.S. 62, 67 (1991), *quoting Louis v. Jeffers*, 497 U.S. 764, 780

(1990). "A federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Id.* at 67-68. Therefore, Petitioner's claim that the trial court violated a state court rule is not cognizable on habeas corpus review. Further, he has failed to show that his presentence information report was inaccurate or that his sentence was based upon inaccurate information.

Additionally, Petitioner's claim that the sentencing court violated his the right to meaningful allocution prior to sentencing also is not cognizable on habeas corpus review. The Supreme Court has held that a trial court's failure to ask a defendant whether "he has anything to say before sentence is imposed is not of itself an error of the character or magnitude cognizable under a writ of habeas corpus." *Hill v. U.S.*, 368 U.S. 424, 428 (1962). Further, the Court stated:

> It is an error which is neither jurisdictional nor constitutional. It is not a fundamental defect which inherently results in a complete miscarriage of justice, nor an omission inconsistent with the rudimentary demands of fair procedure. It does not present exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent.

*Id.* (internal quotation omitted).

Petitioner's claim that the trial court violated his right to full and meaningful allocution at sentencing fails to allege the violation of a federal constitutional right. *See Pasquarille v. United States*, 130 F.3d 1220, 1223 (6th Cir. 1997) ("There is no constitutional right to allocution under the United States Constitution."); *Doucet v. Lecureaux*, 1995 WL 723185, * 2 (6th Cir. Dec. 6, 1995) (holding that defendant does not have a constitutionally guaranteed right to allocution at sentencing). Therefore, habeas corpus relief is not available for this claim.

## IV. Conclusion

Petitioner has not established that he is in the State of Michigan's custody in violation of the Constitution or laws of the United States. Accordingly,

**IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** and leave to proceed on appeal *in forma pauperis* is **DENIED.**

s/Gerald E. Rosen
Gerald E. Rosen
United States District Judge

Dated: May 22, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 22, 2008, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry
Case Manager